IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON ZEIGLER,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

Criminal No. ELH-19-0182
Related Civil No.: ELH-20-2506

**MEMORANDUM**

This Memorandum resolves a motion filed by Aaron Ziegler, the self-represented Petitioner, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct sentence. ECF 46 (the "Petition"). Zeigler contends that his Maryland convictions for attempted armed robbery and armed robbery improperly enhanced his base offense level under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G"). The Petition is supported by an Affidavit of Petitioner. ECF 46-1. The government opposes the Petition. ECF 49. No reply has been filed.

A hearing is not necessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

**I. Factual Background**

On July 12, 2019, Zeigler entered a plea of guilty to possession of a loaded firearm after having been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. § 922(g)(1). *See* ECF 30. The plea was entered pursuant to a Plea Agreement. ECF 31. In the Plea Agreement, the parties agreed to a final offense level of 17 for defendant, pursuant to the Guidelines. *Id.* ¶ 6. Moreover, the plea was tendered under Fed. R. Crim. P. 11 (c)(1)(C), by which the parties agreed to a sentence of incarceration ranging from 37 to 46 months. *Id.* ¶ 9. Zeigler also agreed to waive all appellate rights, including the right to appeal

"the establishment of the advisory sentencing guidelines range," so long as the Court imposes a sentence within the agreed-upon range. *Id.* ¶ 11(b).

According to the Presentence Report ("PSR", ECF 37),[1] Zeigler had multiple prior convictions. These included attempted distribution of a controlled substance under Maryland law, and attempted armed robbery and armed robbery under Maryland law. *Id.* ¶¶ 26, 30. Based on those prior convictions, the PSR calculated Zeigler's base offense level as 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because he committed the instant offense subsequent to sustaining two felony convictions for either a crime of violence or a controlled substance offense. *Id.* ¶ 14. After deductions for acceptance of responsibility, the PSR stated that defendant had a final offense level of 21. *Id.* ¶ 23.

Zeigler expressly objected to the PSR's enhancement of his offense level. But, his objection was based *only* on the *attempted* distribution of a controlled substance conviction. *See* ECF 36 (Defense counsel's objections) at 2-3. He did not challenge the attempted armed robbery or armed robbery convictions as "crimes of violence." *Id.*

Notwithstanding the PSR, the government agreed that defendant's applicable base offense level should be 20, not 24, with a final offense level of 17, not 21. *See* ECF 38; *see also* ECF 31, ¶ 6. Therefore, although the PSR calculated the adjusted offense level at 24, before deductions (ECF 37, ¶ 19), the parties agreed to a base offense level of 20. And, with a 3-level reduction for acceptance of responsibility, they agreed that the defendant had a final offense level of 17.

Defendant had a criminal history category of IV. ECF 37, ¶ 33. Therefore, as contemplated in the Plea Agreement, Zeigler's Guidelines range was 37 to 46 months of

---

[1] The same PSR is also docketed at ECF 34.

incarceration.[2]  At sentencing, the parties agreed that a sentence within the C-plea range was appropriate under "the factors set forth in 18 U.S.C. § 3553(a)."

The Court sentenced Zeigler to 37 months' incarceration.  That sentence was consistent with the bottom of the C-plea range.  Judgment was entered on September 13, 2019.  ECF 43.

Notably, an Amended Presentence Report was filed on September 17, 2019.  ECF 45.  It reflects a corrected base offense level of 20, not 24.  *Id.* ¶ 14.  And, of relevance here, it states, *id.*: "The base offense level is 20 *by Order of the Court*.  U.S.S.G. 2K2.1(a)(4)."  *Id.* (emphasis added).  It also reflects a final offense level of 17.  *Id.* ¶ 23.

Zeigler did not seek appellate review of either his conviction or sentence.  Instead, on August 28, 2020, Zeigler filed the Petition under 28 U.S.C. § 2255.  ECF 46.  He asserts that the Court improperly "enhanced" his sentence by considering his robbery conviction, which is not a crime of violence.  *Id.* at 1.  He adds that "the residual clause has been deleted."  *Id.*  And, he states, *id.*: "Absent the enhancement this petitioner would be home. . . ."

Notably, at the time of Zeigler's sentencing, the definition for the term "crime of violence" under U.S.S.G. § 4B1.2 included only offenses that matched certain elements or were enumerated under the definition. The provision did not contain a residual clause.  Moreover, it is clear that the Court sentenced the defendant in accordance with the C plea; it did not "enhance" defendant's sentence.

## II.  Legal Standards

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution

---

[2] In contrast, with a final offense level of 21 and a Criminal History Category of IV, the Guidelines range was 57 to 71 months of imprisonment.

or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

Under § 2255, a defendant may collaterally attack a conviction or sentence based on any one of four grounds: (1) the conviction or sentence was "imposed in violation of the Constitution or laws of the United States," (2) the district court was "without jurisdiction to impose such sentence," (3) the sentence exceeds "the maximum authorized by law," or (4) the conviction or sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Zeigler bears the burden of proof. *Pettiford*, 612 F.3d at 277.

The scope of collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, ___ U.S. ___, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *Pettiford*, 612 F.3d at 280 (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)); *see Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating that "the writ is available only if the petitioner establishes 'cause' for the waiver

4

and shows 'actual prejudice resulting from the alleged violation.'"); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence); *United States v. Linder*, 552 F.3d 391 (4th Cir. 2009).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021); *see United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Ordinarily, a district court has discretion as to whether to hold a hearing, but "a hearing is required when a movant presents a *colorable* Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim[.]" *Mayhew*, 995 F.3d at 177 (emphasis added). If the district court "denies relief without an evidentiary hearing," the appellate court will "construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020).

In my view, no hearing is necessary because, as discussed below, no colorable claim has been presented.

5

### III. Discussion

Zeigler did not previously raise the issue asserted here, either at sentencing or on appeal. A motion under § 2255 is not a substitute for a direct appeal. *See Linder*, 552 F.3d at 397. Claims of errors that could have been raised before the trial court or on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or the petitioner demonstrates he is actually innocent of the offense. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167 (1982). To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. *See id.* at 170.

Zeigler does not claim actual innocence. He argues only that his convictions for attempted armed robbery and armed robbery could not enhance his base offense level because the residual clause in U.S.S.G. § 4B1.2 has been eliminated. But, as the government points out, § 4B1.2's residual clause "was eliminated years before Zeigler's sentencing." ECF 49 at 4.

In fact, in 2015, the Supreme Court declared the residual clause in the Armed Career Criminal Act unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591 (2015). Because § 4B1.2's residual clause was identical, the Guidelines followed suit and removed the provision. Since *Johnson*, the Guidelines have defined the term "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that

    (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2)    is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a) (2016).

Amendment 798 limited § 4B1.2 to its force and enumerated clauses. *See* U.S.S.G. app. C, amend. 798 (2016). The change was effective in August 2016, more than three years before Zeigler's sentencing in September 2019. ECF 4. Thus, Zeigler procedurally defaulted this claim.

Moreover, it is clear that the Court did not rely on the offense level in the original PSR. Rather, the Court relied on the parties' Plea Agreement. Indeed, the PSR was amended to correct the Guidelines calculations, so as to conform to the Plea Agreement. *See* ECF 45.

In any event, a claim of error under the Guidelines is not cognizable under § 2255. *See Untied States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015); *Untied States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *Pregent*, 190 F.3d at 283-84.

No extraordinary circumstances are present here. To the contrary, the Court did not rely on § 4B1.2's residual clause to enhance Zeigler's sentence because the clause was not in effect at the time of sentencing.[3]

## IV. Conclusion

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C.

---

[3] The government notes that, in any event, Zeigler's attempted/substantive armed robbery convictions qualified as "crimes of violence" under § 4B1.2's force clause. *See* ECF 49 at 5 n.1 (citing *United States v. Bell*, 901 F.3d 455, 472 (4th Cir. 2018)) (holding that "Maryland convictions for robbery with a dangerous or deadly weapon were 'violent felon[ies]'" under the Armed Career Criminal Act's identically worded force clause (alteration in original)).

7

§ 2253(c)(1); Fed. R. App. P. 22(b).[4]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.

Date: June 25, 2021    /s/
Ellen L. Hollander
United States District Judge

---

[4] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.